ORDER (Default Judgment)
TODD R. MATHA, Associate Judge.
INTRODUCTION
This case involves the entrance of a default judgment for failure of the defendants) to answer a Complaint within the prescribed time period established within the Ho-Chunk Nation Rules of Civil Procedure. The Court grants the plaintiff the relief requested in his Complaint. The plaintiff may avail himself of several methods of enforcement in the event of noncompliance with this Order.
PROCEDURAL HISTORY
The plaintiff, Gerald F. Conley, initiated the current action by filing a Complaint with the Court on April 18, 2000. Conse *290 quently, the Court issued a Summons accompanied by the above-mentioned Complaint on April 18, 2000, and attempted service of the documents upon the defendants by certified mail. The United States Postal Service returned the certified mailings to the Court on May 4, 2000 as unclaimed. In response, the Court again attempted to provide service via certified mail upon the defendant, Diane Cloud, and pursued service via publication in the Ho?ak Worak in accordance with the Ho-Chwnk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P.], Rule 5(C)(5) upon the other defendants, Christopher Cloud and Becky Cloud.[1] Diane Cloud signed for the certified mailing on May 9, 2000 as indicated on the Domestic Return Receipt.[2] The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summon,s pursuant to the HCN R. Civ. P. Rule 5(B). The Summons also cautioned the defendant that a default judgment could result from 0 failure to file within the prescribed time period. The defendants failed to file any individual or joint Answer(s) within the twenty (20) day time period.
APPLICABLE LAW
HO-CHUNK RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process
(B) Summons. The Summons is the official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See, HCN. R. Civ. P. 6) and that a Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed complaint attached.
(C) Methods of Service of Process.
(4) Service by Mail. Service of process may be accomplished by sending the required papers to a party by registered mail with return receipt requested.
(5) Service by Publication. Upon order of the court for good cause shown, service of process may be accomplished by publishing the contents of the summons in the Hogak Worak or a newspaper of general circulation in an area where the party is most likely to be made aware of the summons. Publication must be in two consecutive issues of the Ho^ak Worak, or in a paper of general circulation, at least, once per week for four consecutive weeks. Proof of publication must be provided to the Clerk of Court.
Rule 54. Default Judgement
A Default Judgement may be entered against a party who fails to answer if the party was personally served in accordance with Rule 5(C)(1)(a) or 5(C)(1)(b) or obtained judicial authorization to pursue other means of service such as publication or if a party fails to appear at a hearing, *291 conference or trial for which he/she was given proper notice. A Default Judgement shall not award relief different in kind from, or exceed the amount stated in the request for relief. A Default Judgement may be set aside by the Court only upon a timely showing of good cause.
Rule 57. Entry and Filing of Judge-ments
All judgements must be signed by the presiding trial court judge. All signed judgements shall be deemed complete and entered for all purposes after the signed judgement is filed with the Clerk. A copy of the entered judgement shall be mailed to each party within two (2) calendar days of filing. The time for taking an appeal shall begin running from the date the judgement is filed with the Clerk. Interest on a money judgement shall accrue from the date the judgement is filed with the Clerk at a rate set by the Legislature or at five (5) per cent per year if no rate is set.
Rule 58. Amendment to or Relief from Judgement or Order
(A) Relief from Judgement. A Motion to Amend or for relief from judgement, including, a request for a new trial shall be made within ten (10) calendar days of the filing of judgement. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgement, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgement accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgement, the time for initiating an appeal commences upon entry of the amended judgement. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgement commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgement, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgement commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgement. Clerical errors in a court record, including the Judgement or Order, may be corrected by the Court at any time.
(D) Grounds for Relief. The Court may grant relief from judgements or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judgement has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
Rule 59. Satisfaction of Judgement
(A) Complete. The person owing money under a judgement must file proof of satisfaction of judgement with the Court stating the amount and date of payment and whether the payment was in full or partial satisfaction of the judgement. The satisfaction must be signed by the person who *292 was owed money. Proof of satisfaction must also be filed with the Court.
Rule 71. Execution of Judgement
(A) Judgement. Judgements may be executed through a writ of execution on the property of a person against whom the money Judgement is entered. The party requests an execution of the Judgement by filing a Motion and documenting that the judgement has not been fully satisfied.
(B) Hearing. When such a Motion is filed, the Court shall order the person owing the money to appeal’ and Answer under oath describing the money, property, and income. Failure to appear may be deemed a contempt of Court and the Court may proceed with the execution of Judgement without the person. Money and property may be seized by the Court and held to satisfy the Judgement. Any money and property seized shall be held for thirty (30) calendar days before being turned over to the party to whom the money is owed.
(C) Satisfaction of Judgement. The person owing the money may redeem whatever is seized by paying to the Court the full amount of the Judgement, plus interest and any costs to the other parties and the Court in executing the Judgement. This includes the costs of storing and maintaining whatever is seized.
Rule 72. Garnishments and/or Liens
Garnishment/lien is a proceeding to obtain satisfaction of a Judgement for money out of property or money in the possession or control of a third party. A Judgement may be collected through a writ of execution on the income or other funds being held by someone other than the person owing the debt. The person requesting execution of Judgement shall ask the Court to serve the Writ of Execution and an Order directed to the third party which requires them to turn over property or money in their possession or control belonging to the person owing the debt. The property of money shall be turned over to the Court and held as under the above rule on execution of judgements.
CONSTITUTION OF THE HO-CHUNK NATION
Article VII—Judiciary
Sec. 4 Powers of the Judiciary
(a) The judicial power of the Ho-Chunk Nation shall be vested in. the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Sec. 5 Jurisdiction of the Judiciary
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Sec. 6 Powers of the Trial Court
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
HO-CHUNK NATION JUDICIARY ACT OF 1995
Sec. 2 Jurisdiction
The Ho-Chunk Nation Judiciary shall exercise jurisdiction over all matters with *293 in the power and authority of the Ho-Chunk Nation including controversies arising out of the Constitution of the Ho-Chunk Nation; laws, statutes, ordinances, resolutions and codes enacted by the Legislature; and such other matters arising under enactments of the Legislature or the customs and traditions of the Ho-Chunk Nation. This jurisdiction extends over the Nation and its territory, persons who enter its territory, its members, and persons who interact with the Nation or its members wherever found.
FINDINGS OF FACT
1. The plaintiff, Gerald F. Conley, is a non-Indian and resides at 922 West MacArthur Avenue, Eau Claire, WI 54701.
2. The defendants, Christopher Cloud and Diane Cloud, are enrolled members of the Ho-Chunk Nation with respective tribal identification numbers of 439A000370 and 439A000372. Christopher Cloud resides at 981 Chak ha Chee Lane, Nekoosa, WI 54457. Diane Cloud resides at 2314 Cleveland Street, Eau Claire, WI 54703.
8. Christopher Cloud and Diane Cloud received notice of the April 18, 2000 Complaint through proper service of process in accordance with HCN R. Civ. P. 5(C). Christopher Cloud and Diane Cloud failed to file a timely individual or joint Answer to the Complaint despite a warning that such inaction could result in the entrance of a default judgment.
4. The Ho-Chunk Nation Traditional Court has previously recognized that in the tradition and custom of the Ho-Chunk Nation, agreements between parties for the exchange of goods and services were recognized as binding, and that it proved wrong for one party to retain a benefit obtained from an agreement without providing the agreed upon compensation.
5. The plaintiff lent money to the defendants during the illness of Harry Cloud, Tribal ID# 439A000394, father of Christopher and Diane Cloud. Christopher Cloud received the amount of 1 $1000.00, and Diane Cloud received the amount of $460.00. The plaintiff expected repayment of the preceding personal loans, but has received no reimbursement. Mr. Conley explicitly enumerated the above amounts in the Request for Relief section of his April 18, 2000 Complaint.
DECISION
The plaintiff has consented to the personal jurisdiction of the Court by virtue of his voluntary filing of a Complaint in this forum. The Court exercises personal jurisdiction over the defendants by virtue of their membership in the Ho-Chunk Nation. The Court derives subject matter jurisdiction over the dispute by virtue of the proclamation of the Ho-Chunk Nation Traditional Court. The Court deems that extension of the noted traditional principle into the context of personal loans proves reasonable and just. Although the tribe would not have traditionally dealt in terms of currency, the sanctity and attendant responsibilities of an agreement were recognized as self-evident. The Constitution of the Ho-Chunk Nation [hereinafter Constitution] and the Ho-Chunk Nation Judiciary Act of 1995 [hereinafter Judiciary Act] specifically designates the customs and traditions of the Ho-Chunk Nation as a source of law upon which the Court may base subject matter jurisdiction. Constitution, Art. VII, Sec. 5(a) and Judiciary Act, Sec. 2. And, the Constitution grants the Court the “power to issue all remedies in law and in equity.” CONSTITUTION, ART. VII, Sec. 6(a).
Accordingly, the Court determines that the defendants, Christopher Cloud and Diane Cloud, are in default for failure *294 to answer the April 18, 2000 Complaint. The Complaint included the constituent parts enumerated in HCN R. Civ. P. 3(A), namely: “short, plain statements of the grounds upon which the court’s jurisdiction depends; the facts and circumstances giving rise to the action, and a demand for any and all relief the party wants awarded.” HCN R. Civ. P. 3(A). The plaintiff specifically requested repayment of $1000.00 from Christopher Cloud and $460.00 from Diane Cloud. In a Default^ Judgment, the Court cannot “award relief different in kind from, or exceed the amount stated in the request for relief.” HCN R. Civ. P. 54. The Court, therefore, grants default judgment against Christopher Cloud for the amount of $1,000.00 and against Diane Cloud for the amount of $460.00.
The defendant, Christopher Cloud, shall remit the amount of $1000.00 to the plain-tiff within one (1) month from the filing date of this Default Judgment in order to avoid the imposition of accrued and future interest on the money judgment. Interest of five (5) percent per year or 0.4166% each month shall begin to accrue as of the date of entry of this Order pursuant to HCN R. Civ. P. 57. The defendant must file proof of satisfaction of the Default Judgment with the Court on or before September 5, 2000 in the manner described in HCN R. Civ. P. 59.
The defendant, Diane Cloud, shall remit the amount of $460.00 to the plaintiff within one (1) month from the filing date of this Default Judgment in order to avoid the imposition of accrued and future interest on the money judgment. Interest of five (5) percent per year or 0.4166% each month shall begin to accrue as of the date of entry of this Order pursuant to HCN R. Civ. P. 57. The defendant must file proof of satisfaction of the Default Judgment with the Court on or before September 5, 2000 in the manner described in HCN R. Civ. P. 59.
The plaintiff may request an execution of the Default Judgment pursuant to HCN R. Civ. P. 71 and 72 and/or a Show Cause Hearing under the HO-CHUNK NATION CONTEMPT ORDINANCE if he fails to receive payments within the prescribed one (1) month period. The plaintiff must make any such request(s) by proper Motiou(s) to the Court with duplicate service to the defendant. Successful motions potentially could result in the imposition of fines, garnishment, and/or liens against the defendant(s).
All parties have the right to appeal a final judgement or order of the Trial Court. If either party is dissatisfied with the decision of this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date this Court renders such final judgment or order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Notice of Appeal must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must be in conformity with the requirements set by the Ho-Chunk Supreme Court in accordance with the Ho-Chunk Nation Rules of Appellate Procedure.

. The Summons appeared in consecutive issues of the Hogak Worak on May 16, 2000 and May 31, 2000. The defendant, Christopher Cloud, had until April 20, 2000 to file an Answer. The Summons attempted to identify the defendant as "Becky Cloud” due to an incomplete caption on the April 18, 2000 Complaint. The Court has speculated that the plaintiff meant to include Becky Y. Walker as a defendant, but cannot rely upon conjecture. Therefore, Becky Y. Walker has not received proper notice of this action. The plaintiff must inform the Court of his intentions in this regard. ■

. The defendant, Diane Cloud, had until May 30, 2000 to file an Answer.